# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| KENNETH DAVID JEFFERSON, | |
| Petitioner, | No. C23-27-LTS-MAR |
| | (Crim. No. CR15-0010-CJW) |
| vs. | |
| BRADLEY TRATE, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

## I. INTRODUCTION

This case is before me on Kenneth Jefferson's pro se petition (Doc. 1) pursuant to 28 U.S.C. § 2241. At my direction (Doc. 16), the Government filed a brief (Doc. 18) in response to Jefferson's petition. Jefferson did not file a reply.

## II. PROCEDURAL HISTORY

On March 23, 2015, Jefferson pleaded guilty in this court to a charge of unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Crim. Docs. 15, 18. Prior to and at his sentencing, Jefferson challenged the application of the Armed Career Criminal Act (ACCA) enhancement under 18 U.S.C. § 924(e), specifically on the basis of adequacy. Crim. Doc. 28 at 2. On July 29, 2015, the court found that Jefferson was an armed career criminal (Crim. Doc. 44 at 11) and sentenced him to 188 months in prison. Crim. Doc. 37. Jefferson filed a notice of appeal on July 30, 2015, and the Eighth Circuit Court of Appeals affirmed the judgment on May 17, 2016. Crim. Doc. 51; *United States v. Jefferson*, 822 F.3d 477 (8th Cir. 2016).

Jefferson filed a § 2255 motion in August 2017. *See* CV17-0094-LRR, Doc. 1. That motion was denied on September 28, 2017. CV17-0094-LRR, Doc. 2. On February

13, 2023, the Eighth Circuit denied Jefferson's motion for authorization to file a successive habeas application. *See* CV17-0094-LRR, Doc. 4.

On November 1, 2021, Jefferson filed a 28 U.S.C. § 2241 petition in the Western District of Pennsylvania. Doc. 1. At that time, he was incarcerated at FCI McKean located in the Western District of Pennsylvania. Doc. 1 at 1.[1] On March 22, 2022, the Government responded to Jefferson's petition and argued that the Western District of Pennsylvania should either dismiss the petition for lack of subject matter jurisdiction under § 2241 or, alternatively, transfer the petition to the sentencing court. Doc. 11 at 9-10. In his reply, Jefferson requested his petition be transferred to the Northern District of Iowa for resolution on the merits. Doc. 12 at 3.

On April 20, 2023, the Western District of Pennsylvania, transferred Jefferson's petition to this district.[2] Doc. 14. On May 3, 2023, I directed the Government to file a

---

[1] According to the Federal Bureau of Prisons Inmate Locater, Jefferson is still incarcerated at FCI McKean with a projected release date of March 7, 2029.

[2] Generally, a § 2241 petition should be brought in a petitioner's district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Here, while jurisdiction was proper in the Western District of Pennsylvania, under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought *or* to any district or division to which all parties have consented" (emphasis added). *See Mathena v. United States*, 577 F.3d 943, 946 n. 3 (8th Cir. 2009) (finding a filing defect "did not deprive the district court of subject matter jurisdiction") (citing *Padilla*, 542 U.S. at 463 n.7); *Padilla*, 542 U.S. at 463 n.7 (Stevens, J., dissenting joined by Souter, Ginsberg & Breyer, JJ.) ("If, upon consideration of traditional venue principles, the district court in which a habeas petition is filed determines that venue is inconvenient or improper, it of course has the authority to transfer the petitioner." (citing 28 U.S.C. §§ 1404(a), 1406(a))); *Redding v. Thompson*, No. 17-cv-2740, 2018 WL 850147, at *5 (D. Minn. Jan. 23, 2018) ("There is some authority for the proposition that a habeas petition may be transferred pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interests of justice."). Although Jefferson is not confined in the Northern District of Iowa, both parties consented to venue in this district. Docs. 12 at 3, 18 at 8. As such, I find that the transfer of venue was proper.

response to Jefferson's petition, which it did on June 2, 2023. Docs. 16, 18.[3]

### III. ARGUMENT

Jefferson's sole argument is that based on subsequent caselaw that, he was improperly designated as an armed career criminal at sentencing. Doc. 1-1 at 2. Specifically, he asserts that under *United States v. Oliver*, 987 F.3d 794 (8th Cir. 2021), and *Mathis v. United States*, 579 U.S. 500 (2016), his prior convictions for violations of § 720 ILCS 570/401 no longer qualify as predicate offenses for armed career criminal purposes. *Id.* at 4. Thus, he requests that his designation as an armed career criminal be vacated and that he be resentenced. *Id.* To invoke subject matter jurisdiction under § 2241, Jefferson argues that *Mathis* qualifies as a new Supreme Court case of statutory interpretation that applies retroactively under the savings clause of § 2255(e). *Id.* at 5. Jefferson asserts that his present argument was not reasonably available to him on appeal or in his post-conviction proceedings because the Eighth Circuit "had expressly approved the practice of applying the modified categorical approach" and "it was futile" for Jefferson to raise such a challenge. *Id.* at 5-6.

The Government argues I should dismiss Jefferson's § 2241 petition for lack of subject matter jurisdiction. Doc. 18 at 9. It contends that whether the proper legal analysis falls under the law of the Third Circuit or the Eighth Circuit, Jefferson's argument will fail. *Id.* at 11. The Government's argument based on Third Circuit law asserts that Jefferson's claim fails because (1) he is not challenging his conviction under § 922(g)(1), rather he is challenging his sentence, (2) Jefferson's claim is not a *Mathis* claim, rather a claim under *Taylor v. United States*, 495 U.S. 575 (1990), which would not have prevented him from making this argument in his § 2255 motion, and (3) even if his claim was a proper *Mathis* claim, it was available to Jefferson at the time he filed his

---

[3] Jefferson filed a motion for compassionate release that was denied on September 18, 2023. Crim Docs. 56, 57. On October 10, 2023, the Eighth Circuit affirmed the denial of that motion. Crim. Doc. 61.

§ 2255 motion. Doc. 18 at 14-17. Similarly, under Eighth Circuit law, the Government asserts that Jefferson cannot satisfy the savings clause requirements and Jefferson could have raised his claim, whether a *Mathis* or a *Taylor* claim, at the time he filed his § 2255 motion. *Id.* at 18-20.

## IV. ANALYSIS

Section 2241 is one of two habeas statutes a federal prisoner may employ to seek relief from a conviction or sentence. Section 2255 is the primary means to seek relief. *See Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). Under § 2255, a prisoner is afforded one attempt to seek habeas relief, after which he or she must seek and receive permission from the relevant circuit court of appeals to file a second or successive petition. *See* 28 U.S.C. § 2255(h). Under § 2255(h), a second or successive motion will be allowed only if it is based on newly discovered evidence, or on a new rule of constitutional law that has been declared retroactive on collateral review by the Supreme Court.

Section 2255(e), known as the saving clause, creates a narrow safety valve that a prisoner may use if the remedy available under a standard § 2255 motion is inadequate or ineffective. *See, e.g., Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019); 28 U.S.C. § 2255(e). Under the saving clause, "a federal prisoner [may] petition for a writ of habeas corpus under § 2241 if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002). It is petitioner's burden to show that § 2255 is inadequate or ineffective. *Id.* The bar is high. A petitioner cannot make the showing if he or she had any opportunity to present the claim at an earlier time, or if the sole issue preventing the petitioner from raising the claim is a procedural barrier. *Lee*, 943 F.3d at 1147; *see also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

While Jefferson's § 2241 petition was pending, the Supreme Court decided *Jones v. Hendrix,* 599 U.S. 465 (2023), holding that a federal prisoner may not rely on the

4

saving clause to file a habeas petition if the claim relies on a new decision of statutory interpretation. *Id*. at 479.[4] The Court clarified that under § 2255(h), second or successive habeas petitions will only be permitted if they contain "(1) newly discovered evidence, . . . or (2) a new rule of constitutional law." *Jones*, 599 U.S. at 476. The Court emphasized that "§ 2255(h)(2)'s authorization of a successive collateral attack based on new rules 'of *constitutional* law' implies that Congress did not authorize successive collateral attacks based on new rules of *nonconstitutional* law." *Id*. at 478.

*Jones* is controlling here. Jefferson seeks to challenge his sentence and conviction based on *Mathis* and *Oliver*. Assuming without deciding that Jefferson's petition is a proper *Mathis* challenge, both the Third and Eighth Circuits have held that *Mathis* did not announce a new rule of constitutional law. *See Savage v. Warden Fairton FCI*, 752 F. App'x 140, 141 (3d Cir. 2018) (per curiam); *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018). Additionally, *Oliver* is an Eighth Circuit opinion that did not announce "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Rather, *Oliver* was an intervening change in statutory interpretation and therefore an insufficient basis to invoke this court's subject matter jurisdiction under § 2241. *See also Gaines v. Rardin*, No. 23-cv-1913, 2023 WL 5155142, at *1 (D. Minn. Aug. 10, 2023) (adopting report and recommendation), 2023 WL 5155907, at *1-2 (D. Minn. July 7, 2023) (recommending dismissal of § 2241 petition filed pursuant to *Mathis* for lack of jurisdiction under § 2255(e)); *Allen v. Yates*, No. 2:22-cv-00075, 2023 WL 6214041, at *2 (E.D. Ark. Sept. 25, 2023) (dismissing § 2241 petition challenging career offender

---

[4] In its brief (Doc. 18 at 8-11), the Government raised the issue of whether this court should apply the law of the Third Circuit or the Eighth Circuit following the transfer of venue from the Western District of Pennsylvania. Due to the Supreme Court's decision in *Jones*, both Circuits are now bound by the same precedent. *See Voneida v. Johnson*, ___ F.4th ___, No. 22-1264, 2023 WL 8462455, at *3 (3d Cir. Dec. 7, 2023) (acknowledging that *Jones* abrogated *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997)); *Jones v. Hendrix*, 8 F.4th 683, 687 (8th Cir. 2021), *aff'd*, 599 U.S. 465 (2023).

5

enhancement for lack of subject matter jurisdiction under *Jones*); *Mannino v. Yates*, No. 2:22-cv-00216, 2023 WL 6392333, at *1 (E.D. Ark. Sept. 29, 2023) (adopting report and recommendation), 2022 WL 20725996 (E.D. Ark. Dec. 29, 2022) (recommending dismissal of § 2241 petition for lack of subject matter jurisdiction finding petitioner's challenge could have been brought on direct appeal of § 2255 habeas challenge).

Jefferson's petition therefore fails. Because he has not shown the inadequacy or ineffectiveness of a remedy under § 2255, his petition under § 2241 must be dismissed for lack of subject matter jurisdiction. *Lee*, 943 F.3d at 1147 (the court must dismiss a § 2241 petition for lack of subject matter jurisdiction if the petitioner does not demonstrate that he or she is eligible for the saving clause of § 2255(e)).

## V. CERTIFICATE OF APPEALABILITY

Although Jefferson's petition was filed under 28 U.S.C. § 2241, the proper substantive basis of Jefferson's challenge to his sentence is under 28 U.S.C. § 2255. *See Lopez-Lopez v. Sanders*, 256 F. App'x 15, 16 (8th Cir. 2007). In a § 2255 proceeding before a district judge, the final order is subject to review by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find that Jefferson failed to make the requisite "substantial showing" with respect to any of the claims raised in his § 2241 petition. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Thus, a certificate of appealability will not issue.

## VI. CONCLUSION

For the reasons set forth herein, Kenneth Jefferson's petition (Doc. 1) under 28 U.S.C. § 2241 is **denied** and **dismissed** for lack of subject matter jurisdiction. A certificate of appealability will **not issue**. The Clerk's office is directed to file a copy of this order in both CR15-0010-CJW and C17-0094-LRR.

**IT IS SO ORDERED.**
**DATED** this 22nd day of December, 2023.

_____
Leonard T. Strand, Chief Judge